IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michelle Byrd, ) | Civil Action No.: 5:11-3340-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| South Carolina Department of ) | |
| Corrections, Sergeant Boyd, Captain ) | |
| Austin, Major Rawski, Lieutenant Hill, ) | |
| and Officer Yeldell, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Michelle Byrd ("Plaintiff") is a former inmate in the South Carolina Department of Corrections ("SCDC"). Plaintiff brings this civil action against Defendants Captain Debra Austin, Sergeant Miranda Boyd, Major Angelina Rawski, Lieutenant Valerie Hill, Officer Angel Fox-Yeldell ("Defendants") who were corrections officers at Leath Correctional Institution; and SCDC pursuant to 42 U.S.C. § 1983 alleging violations of her constitutional rights as well as various state law causes of action. At the time of the incident giving rise to Plaintiff's claims, she was housed at Leath Correctional institution. The matter is before the court on Defendants' Motion for Summary Judgment filed on November 16, 2012. (ECF No. 27). Plaintiff filed a memorandum in opposition on February 18, 2013 (ECF No. 39) that Defendants replied to on April 26, 2013 (ECF No. 51).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On July 25, 2013, Magistrate Judge West issued a Report and Recommendation ("Report") recommending that Defendants' Motion for Summary Judgment (ECF No. 27) be denied. (ECF No. 53). Defendants filed objections to the Report on August 12, 2013

1

(ECF No. 54), that Plaintiff replied to on September 16, 2013. (ECF No.61).

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b)(1).

## BACKGROUND

The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein and summarizes in relevant part. Briefly, Plaintiff alleges that in mid-August, 2010, while incarcerated at Leath Correctional Institution, another inmate Linda Ann Tyler ("Inmate Tyler") started flirting with Plaintiff and sought sexual favors. (ECF No. 1-1 ¶ 14). Plaintiff further alleges that Defendant Hill told Inmate Tyler to stop harassing Plaintiff. *Id.* at 20. Plaintiff further alleges that she complained to Defendants about Inmate Tyler's sexual advances and threats made against Plaintiff, but nothing was done. *Id.* at ¶ 23. The record reflects that Inmate Tyler assaulted Plaintiff on September 18, 2010, with a homemade knife, causing permanent scarring to Plaintiff's face. *Id.* at ¶¶ 27-28.

On September 20, 2011, Plaintiff filed the instant action asserting causes of action pursuant to 42 U.S.C. § 1983 for violations of her Fourteenth Amendment Rights as well as state causes of action for gross negligence, negligent supervision, negligent training, and assault and battery arising out of the assault from Inmate (ECF No. 1-1). Plaintiff seeks actual and punitive damages. *Id.* On December 8, 2011, Defendants removed this

2

matter to this court based on this court's federal question jurisdiction. (ECF No. 1). Defendants deny Plaintiff's allegations and move for summary judgment arguing *inter alia* that Plaintiff has failed to exhaust her administrative remedies; that they are entitled to qualified immunity on Plaintiff's § 1983 claim; that they were not grossly negligent; and that the Complaint fails to state a cause of action for assault and battery.

## DISCUSSION

Upon review, the Magistrate Judge determined that (1) Defendants were not entitled to summary judgment for Plaintiff's failure to exhaust administrative remedies because the exhaustion of remedies requirement in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, does not apply to suits filed by former prisoners; (2) Defendants were not entitled to summary judgment on Plaintiff's due process claim because genuine issues of fact exist as to whether Defendants failed to protect Plaintiff from Inmate Tyler's assault; (3) Defendants were not entitled to qualified immunity on Plaintiff's § 1983 cause of action because there is a question of fact as to whether Defendants violated Plaintiff's constitutional rights in failing to protect her from violence, and, as such, the court cannot determine at the summary judgment phase that Defendants' actions were objectively reasonable for purposes of granting qualified immunity; and (4) Questions of fact exist prohibiting the grant of summary judgment on Plaintiff's remaining claims. (ECF No. 53 at 19-21). Defendants object to the Magistrate Judge's Recommendation. (ECF No. 54).

<u>Defendants' Objections</u>

First, Defendants object to the Magistrate Judge's finding that genuine issues of fact exist as to whether or not Defendants failed to protect Plaintiff from Inmate Tyler. (ECF No. 54). Upon review, the court notes that Defendants essentially restate their arguments set forth in their memorandum for summary judgment. Nonetheless, the court has conducted

3

a *de novo* review of Defendants' arguments and finds no error in the Magistrate Judge's analysis on this issue. Defendants' objection is overruled.

Next, Defendants object to the Magistrate Judge's determination that Plaintiff failed to exhaust her administrative remedies. The primary question before the court is whether the PLRA's exhaustion-of-remedies requirement applies to an action filed by a former prisoner. The Magistrate Judge, after reviewing the applicable law, concluded that the exhaustion requirement does not apply to suits filed by former prisoners. The court agrees. *See Wilson v. Hampton Cnty.*, No. 9:05-1777-PMD, 2005 WL 297725, at *3 (E.S.C. Oct. 31, 2005) ("[I]n light of both the statutory language and the relevant case law from other circuits, the court holds that the exhaustion-of-remedies requirement in the PLRA does not apply to plaintiffs who file § 1983 actions after being released from prison."). Defendants' objection is overruled.

Defendants also object to the Magistrate Judge's conclusion that genuine issues of fact exist so as to preclude Defendants' defense of qualified immunity. The Magistrate Judge noted that the Eighth Amendment imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners. (ECF No. 53 at 19). The Magistrate Judge found that questions of fact exist as to whether Defendants violated this constitutional right. Therefore, the Magistrate Judge determined that the court could not determine at the summary judgment phase, that Defendants' actions were objectively reasonable for purposes of granting qualified immunity. Upon consideration, the court is not persuaded by Defendants' arguments in support of their defense of qualified immunity. Instead, the court concurs with the Magistrate that genuine issues of fact exist such that Defendants are not entitled to qualified immunity. Defendants' objection is overruled.

## **CONCLUSION**

After *de novo* review of the thorough and well-reasoned Report of the Magistrate Judge, Defendants' Objections, the applicable law, and the record in this case, the court accepts the Report of the Magistrate Judge.  Accordingly, the court adopts and incorporates the Report herein by reference.  The court finds that there remain genuine issues of material fact to be resolved at trial which preclude the granting of summary judgment in this case.  Accordingly, Defendants' Motion for Summary Judgment is hereby DENIED.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
September 18, 2013.